## UNITED STATES DISTRICT COURT
## SOUTHERN DISTRICT OF OHIO
## EASTERN DIVISION - COLUMBUS

| | | |
|---|---|---|
| **DEREK WHOLIHAN,** | : | |
| **542 Meadoway Park** | : | **Case No.** |
| **Worthington, OH 43085** | : | |
| | : | **Judge** |
| **Plaintiff,** | : | |
| | : | |
| **v.** | : | |
| | : | |
| **CITY OF COLUMBUS,** | : | <u>**JURY DEMAND ENDORSED HEREON**</u> |
| **77 North Front Street, 1ˢᵗ Floor** | : | |
| **Columbus, Ohio 43215** | : | |
| | : | |
| **Defendant.** | : | |

## <u>COMPLAINT</u>

Now comes Plaintiff Derek Wholihan (hereafter "Plaintiff"), by and through undersigned counsel, and files his Complaint against Defendant City of Columbus (hereafter "Defendant") states and avers as follows:

## <u>THE PARTIES</u>

1.      Plaintiff is an individual residing in Franklin County, Ohio. At all times alleged herein, Plaintiff was an employee of Defendant as the same has been defined by the Americans with Disabilities Act of 1990, as amended, 42 USCS § 12111(4) and Ohio Title 4112.

2.      Defendant is a political subdivision of the State of Ohio and is Plaintiff's employer.

## <u>JURISDICTION AND VENUE</u>

3.      Jurisdiction over the statutory violation alleged is conferred pursuant to 28 U.S.C. § 1331 and 42 U.S.C. § 12111. Jurisdiction over the state law claims pursuant to Ohio Title 4112 is conferred pursuant to 28 U.S.C. § 1367.

4.     Venue is proper in the Southern District of Ohio Eastern Division because all actions took place within Franklin County, Ohio.

5.     At all times pertinent hereto, Defendant was an "Employer" within the meaning of the Americans with Disabilities Act of 1990, as amended, 42 USCS § 12111(5) and Ohio Title 4112.

6.     Plaintiff satisfied all pre-requisites for filing for lawsuit, including but not limited to obtaining a Notice of Right to Sue from the Equal Employment Opportunity Commission. A copy of the "Notice" is attached hereto as Exhibit A.

## FACTUAL ALLEGATIONS

7.     Plaintiff incorporates his allegations set forth in the preceding paragraphs as if fully rewritten herein.

8.     Defendant hired Plaintiff as a Community Relations Representative for the "Keep Columbus Beautiful" program in Defendant's Department of Public Services in 2018.

9.     As a Community Relations Representative, Plaintiff worked with community stakeholders, educated the public on environmental practices, and coordinated community events.

10.     Plaintiff performed his job well and received good performance evaluations.

11.     Aryeh Alex became Plaintiff's supervisor in 2021.

12.     When Alex became Plaintiff's supervisor, Alex repeatedly demeaned Plaintiff, undermined his work, and required Plaintiff to complete duties outside of his job description.

13.     In fall 2021, Plaintiff began experiencing severe depression and anxiety from Alex's repeated comments and actions.

14.     Over the next year, Plaintiff's depression and anxiety worsened due to Alex's actions.

15.     Plaintiff worked with his coworker to create a plan that would alleviate Plaintiff's stress and help with his anxiety and depression. Plaintiff presented the plan to Alex in February 2023 and informed Alex he had been placed on medication due to anxiety and depression due to extreme stress at work. Alex responded that Plaintiff needed to "step it up and figure it out."

16.     Following his meeting with Alex in February 2023, Defendant issued five disciplinary write ups to Plaintiff which resulted in a three-day working suspension. Alex initiated each disciplinary action.

17.     In April 2023, Alex completed Plaintiff's annual performance evaluation and rated Plaintiff significantly lower than in the previous year. For example, Alex rated Plaintiff's "quality of work" as "unacceptable" on his 2023 evaluation when in the prior year Alex rated Plaintiff's work as "fully acceptable" and commented that Plaintiff's "quality of work is always good especially when it comes to data tracking and analysis."

18.     In May 2023, Defendant held a disciplinary hearing for Plaintiff and placed Plaintiff on a Performance Improvement Plan ("PIP").

19.     With each disciplinary action, including the PIP, Plaintiff reported to Human Resources that Alex was issuing him disciplinary actions because Plaintiff informed Alex about his anxiety and depression. Plaintiff also informed Human Resources that Alex was causing Plaintiff's anxiety and depression to worsen.

20.     In June 2023, despite completing the PIP, Defendant informed Plaintiff his performance had not improved and he failed his PIP.

21.     Plaintiff could no longer work in the environment Alex created which caused his anxiety and depression to worsen and Plaintiff's employment with Defendant was separated.

22.     Defendant's reasons for disciplining Plaintiff were false.

## COUNT I – DISABILITY DISCRIMINATION ADA & OHIO TITLE 4112

23.     Plaintiff incorporates his allegations set forth in the preceding paragraphs as if fully rewritten herein.

24.     The Americans with Disability Act ("ADA") prohibits employers from discriminating against an employee on the basis of his disability. *See* 42 USC § 12112.

25.     Plaintiff is disabled as defined by the ADA.

26.     Plaintiff is qualified, with or without reasonable accommodation to perform the essential functions of his job.

27.     By issuing Plaintiff multiple disciplinary actions, including a PIP, and requiring him to do work outside his job description, Defendant discriminated against Plaintiff on the basis of his disability.

28.     Defendant's discriminatory actions were motivated by discriminatory animus towards Plaintiff's disability.

29.     As a result of Defendant's disparate treatment, Plaintiff suffered an adverse employment action.

30.     As a result of Defendant's disparate treatment, Plaintiff was treated differently than similarly situated employees without disabilities.

31.     As a result of Defendant's discriminatory actions, Plaintiff is entitled to all damages as provided by 42 USC § 12101 and common law including but not limited to emotional and physical distress, suffering, inconvenience, mental anguish, loss of enjoyment of life, punitive damages, lost wages and income (including back pay and front pay), and other benefits to which he was entitled, an amount to be determined at trial.

## <u>COUNT II – DISABILITY DISCRIMINATION ADA & OHIO TITLE 4112</u>
### (Regarded As Disabled)

32.     Plaintiff incorporates his allegations set forth in the preceding paragraphs as if fully rewritten herein.

33.     The Americans with Disability Act ("ADA") prohibits employers from discriminating against an employee on the basis of his disability. *See* 42 USC § 12112.

34.     The ADA prohibits employers from regarding employees as disabled. *See* 42 USC § 12102.

35.     Defendant perceived Plaintiff to be disabled because Plaintiff informed Defendant he was experiencing anxiety and depression from stress created at work.

36.     Plaintiff was qualified to perform his job with or without a reasonable accommodation.

37.     Plaintiff suffered an adverse employment action.

38.     Defendant knew or had reason to know about Plaintiff's anxiety and depression and issued Plaintiff multiple disciplinary actions, including placing Plaintiff on a PIP.

39.     Plaintiff's perceived disability was the basis for Defendant's discriminatory treatment.

40.     As a result of Defendant's discriminatory actions, Plaintiff is entitled to all damages as provided by 42 USC § 12101, Ohio Title 4112, and common law including but not limited to emotional and physical distress, suffering, inconvenience, mental anguish, loss of enjoyment of life, punitive damages, lost wages and income (including back pay and front pay), and other benefits to which he was entitled, an amount to be determined at trial.

**WHEREFORE**, Plaintiff Derek Wholihan prays that this Court award a judgment against Defendant The City of Columbus on all counts, for compensatory and punitive damages including,

but not limited to, emotional and physical distress, suffering, inconvenience, mental anguish, loss of enjoyment of life, punitive damages, lost wages and income and other benefits to which Plaintiff is entitled in an amount to be determined at trial and an award of Plaintiff's costs and reasonable attorney fees incurred relating to this action; ALL TOGETHER WITH such other relief as may be just, necessary and proper.

Respectfully submitted,

KEMP, SCHAEFFER, & ROWE CO., L.P.A.

/s/ Erica Ann Probst
Erica Ann Probst #0073486
Andrea L. Salvino #0097768
88 West Mound Street
Columbus, Ohio 43215
(614) 232-8692
(614) 469-7170 (fax)
Email:  Erica@ksrlegal.com
        ASalvino@ksrlegal.com

*Counsel for Plaintiff*

## **JURY DEMAND**

Now comes Plaintiff, by and through counsel, and hereby demands that a jury hear the above case.

Respectfully submitted,

KEMP, SCHAEFFER, & ROWE CO., L.P.A.

/s/ Erica Ann Probst
Erica Ann Probst #0073486
Andrea L. Salvino #0097768
88 West Mound Street
Columbus, Ohio 43215
(614) 232-8692
(614) 469-7170 (fax)
Email: Erica@ksrlegal.com
         ASalvino@ksrlegal.com

*Counsel for Plaintiff*